IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| COMERICA BANK,<br><br>    Plaintiff,<br><br>vs.<br><br>HOW MAD, INC. d/b/a BEEF O'BRADY'S, and BARRY A. HOWARD, Individually as Guarantor,<br><br>    Defendants. | Case No. 4:12 CV 3159-RBH |

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on the motion for summary judgment filed by Plaintiff, Comerica Bank ("Comerica"). [Doc # 24.] Although represented by counsel, Defendants have not filed a response opposing the motion. Under Local Rule 7.06, any memorandum or response from an opposing party "must be filed within fifteen (15) days of the service of the motion unless the court imposes a different deadline. If no memorandum in opposition is filed within fifteen (15) days of the date of service, the Court will decide the matter on the record and such oral argument as the movant may be permitted to offer, if any."[1] For the reasons set forth below, Comerica's motion for summary judgment is granted.

**Factual and Procedural Background**

On or about May 25, 2005, How Mad, a South Carolina corporation, executed and delivered to Comerica, as lender, a promissory note ("Note") in the principal amount of

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

$398,000.00. [Doc # 24-1.] How Mad borrowed the funds from Comerica to operate a Beef O'Brady's restaurant in Myrtle Beach, South Carolina. [Doc # 1].

In addition to the Note, How Mad executed and delivered to Comerica a loan agreement ("Loan Agreement") containing terms and conditions applicable to the Note. [Doc # 24-1.] How Mad also executed and delivered a security agreement ("Security Agreement") granting Comerica a security interest in certain property, including inventory, equipment, fixtures, deposit accounts, receivables, dividends, investments, software and other property owned or later owned by Borrower. [Doc # 24-1.] Howard, a principal of How Mad, executed and delivered to Comerica an unconditional guarantee.[2] [Doc # 1.]

In early 2009, How Mad encountered difficulty paying the Note, and on March 9, 2009, Comerica agreed to defer payments of principal and interest so that How Mad would not go into default. [Doc # 24-1, ¶ 11.] Comerica agreed to two additional modifications, the last of which was entered into on September 21, 2010. [Id. ¶¶ 11-15.] Even with the modifications, How Mad was not able to make payments to Comerica consistently. How Mad made its last payment on or about March 31, 2011. [Id. ¶¶ 17-18.] Comerica filed this action to recover damages suffered as a result of the Defendants' failure to fulfill their respective obligations under the Loan Documents.

Comerica filed this action on November 1, 2012 to recover amounts due and owing from How Mad under the Note, to enforce the respective guaranty agreements executed by Howard and Maddock. [Doc # 1.] Specifically, Comerica asserted a breach of contract claim against How Mad for default of the Note, and a breach of a guaranty claim against How Mad's president, Defendant Barry A. Howard ("Howard"). [Doc # 1].

---

[2] A stipulation of dismissal has been filed as to Alan T. Maddock, another alleged guarantor who was originally named as a defendant herein.

Comerica Bank requests that this Court grant summary judgment against Defendants, How Mad and Howard, on the grounds that there is no genuine dispute as to any material fact, and that Comerica is entitled to judgment as a matter of law.

**Standard of Review**

Although the defendants did not respond to the motion for summary judgment, the Court has "an independent responsibility to determine whether judgment as a matter of law is warranted." United States v. Lambert, 915 F.Supp.797 (S.D.W.Va. 1996), citing Cister v. Pan American Life Ins. Co., 12 F.3d 410 (4th Cir. 1993). "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.' . . . Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." Custer, 12 F.3d at 416.

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

To grant a motion for summary judgment, the court must find that "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is any

genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

A fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257.

All evidence should be viewed in the light most favorable to the nonmoving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). However, "[t]he existence of a mere scintilla of evidence in support of the nonmoving party's position is insufficient to withstand the summary judgment motion," and conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. Nat'l Specialty Ins. Co. v. Nat'l Union Fire Ins. Co., No. 10-826, 2012 U.S. Dist. LEXIS 69456, at *6-7 (D.S.C. May 18, 2012).

Entry of summary judgment is appropriate where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. Teamsters Joint Council No. 83 v. Centra, Inc., 947 F.2d 115, 119 (4th Cir. 1991). Rule 56(c) mandates the entry of summary judgment against a litigant who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

**Discussion**

*1. Plaintiff's First Cause of Action - Breach of Promissory Note*

To recover for a breach of contract, the plaintiff must establish three elements by the preponderance of the evidence: (1) a binding contract entered into by the parties; (2) breach or

unjustifiable failure to perform the contract; and (3) damage suffered by the plaintiff as a direct and proximate result of the breach. See, e.g., Fuller v. E. Fire & Cas. Ins. Co., 240 S.C. 75 (S.C. 1962).

The record evidence and the pleadings establish the existence of a binding contract between Comerica and How Mad. [Doc ## 1, 10, 11, 21 and 24-1.] In exchange for and reliance upon the promises set forth in the Note, Loan Agreement, and Security Agreement, Comerica delivered to How Mad the loan amount of $398,000.00. [Doc. # 24-1.] The repayment terms of the Note were thereafter modified three times by Comerica for the purpose of deferring principal and interest payments. [Id. ¶¶ 11-15.]

The record evidence further establishes the fact that, despite the three modifications, How Mad nonetheless breached the binding contract by failing to make payments under the Note when due. [Doc # 24-1, ¶ 17.] Comerica received How Mad's last payment on or about March 31, 2011. [Id. ¶ 18]. The Note provides that How Mad will be in default under the Note if How Mad "does not make a payment when due[.]" [Doc. # 1, ex. A]. How Mad's failure to make the requisite payments unequivocally renders How Mad in default under the Loan Documents.

   2. *Plaintiff's Second Cause of Action – Breach of Howard Guaranty*

The record evidence further establishes the existence of a binding contract between Comerica and How Mad's president, Howard. [Doc. # 1, ex. D.] As specific inducement for Comerica to extend credit to How Mad, on or about May 25, 2005, Howard executed and delivered to Comerica an unconditional guarantee wherein Howard agreed to, among other things, guaranty the full and prompt performance of How Mad's obligations to Comerica, including all timely payment obligations of How Mad. [Id.; Doc # 24-1, ¶ 9.] Further, Howard agreed to be held liable for any and all damages, losses, costs, interest, charges, attorneys' fees and expenses of every kind stemming from the obligations and liabilities of How Mad. [Id.]

Consequently, Howard, as guarantor, is legally obligated to Comerica for How Mad's obligations under the Note.

    3.  *Damages*

There is no genuine issue of material fact regarding the amount of damages Comerica has suffered as a result of How Mad's breach of the Note and Howard's breach of the guaranty. The record evidence, and particularly paragraphs 21 through 30 of the Affidavit of Pragnesh Mistry, a Comerica banking officer, establishes that How Mad, as borrower, and Howard, as guarantor, owe Comerica a liquidated sum certain of $290,386.96, consisting of the following: (1) principal amount of $227,031.66 as of July 29, 2013; (2) interest amount through July 29, 2013 of $32,757.11; (3) late charges through July 29, 2013 of $9,236.35; (4) attorney's fees of $20,856.42; (5) court costs of $350.00; and (6) service costs and online legal research costs of $155.42. [Doc # 24-1, ¶ 30.]

    IT IS THEREFORE ORDERED that Comerica's motion for summary judgment be GRANTED. The Clerk of Court is directed to enter judgment in favor of Plaintiff Comerica Bank and against Defendants How Mad, Inc. and Barry H. Howard in the amount of $290,386.96 plus per diem interest accruing after July 29, 2013 at a rate of $34.21 per day.

    **IT IS SO ORDERED.**

                                         s/R. Bryan Harwell
                                         R. Bryan Harwell
                                       United States District Judge

Dated: October 8, 2013
Florence, South Carolina